UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

February 18, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____**CM**_____
DEPUTY

| | |
|---|---|
| TONY RUIZ FONSECA, | § |
| | § |
| Petitioner-Plaintiff, | § |
| v. | § 5:26-CV-00691-MA |
| | § |
| MIGUEL VERGARA, et al, | § |
| | § |
| Respondents-Defendants. | § |
| | § |

### OPINION AND ORDER

The Court now considers Petitioner Tony Ruiz Fonseca's ("Petitioner") "Petition for Writ of Habeas Corpus."[1] Petitioner, who is currently in immigration detention, alleges that Respondents are holding him in unlawful custody cognizable in habeas corpus under 28 U.S.C. § 2241 and seeks immediate release.[2] Upon reviewing the petition, response, and applicable law, the Court **DENIES** Petitioner's writ.

### I.   FACTUAL BACKGROUND

Petitioner is a citizen and national of Cuba.[3] He has been detained at Karnes County Immigration Processing Center since approximately October 2025.[4] On January 14, 2026, an immigration judge issued a final removal order against Petitioner.[5] Petitioner argues that he remains in detention "without . . . any individualized post-order custody determination, meaningful procedural review, or explanation as to why continued confinement is necessary."[6]

### II.   JURISDICTION AND LEGAL STANDARD

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[7] Under 28 U.S.C. § 2241, district courts may hear

---

[1] Dkt. No. 1.
[2] Dkt. No. 1, at 2.
[3] Dkt. No. 1, at 2.
[4] Dkt. No. 1, at 2.
[5] Dkt. No. 1, at 2.
[6] Dkt. No. 1, at 2.
[7] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.

habeas corpus challenges to the legality of the detention of noncitizens.[8] The petitioner bears the burden of proving, by preponderance of the evidence, that he is being held contrary to the law.[9]

Petitioner is detained in the Karnes County Immigration Processing Center in Karnes City, Texas, within the Western District of Texas.[10] Nevertheless, the Court finds that it lacks jurisdiction over Petitioner's writ, as Petitioner's case is premature.

During the initial 90-day removal period after a final removal order becomes administratively final, detention is mandatory.[11] Petitioner's final order of removal was issued on January 14, 2026.[12] Thus, Petitioner's 90-day removal period remains ongoing.

Congress has expressly authorized the detention of noncitizens during this initial 90-day removal period to effectuate removal, and such detention is presumptively constitutional.[13] Because DHS is statutorily required to detain Petitioner during this period, Petitioner's writ is premature.[14]

### CONCLUSION AND HOLDING

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED WITHOUT PREJUDICE** as premature. Petitioner may refile a petition for habeas relief if and when his claims become ripe for review. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DONE this 18th day of February, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").

[9] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).

[10] Dkt. No. 1, at 2.

[11] 8 U.S.C. § 1231(a)(2).

[12] Dkt. No. 1, at 2.

[13] *Zadvydas v. Davis*, 533 U.S. 678, 683–84 (2001).

[14] See *Okpoju v. Ridge*, 115 Fed. Appx. 301, *1 (5th Cir. 2004), cert. den., 544 U.S. 1066 (2005) see also *Chance v. Napolitano*, 453 Fed. Appx. 535, *1 (5th Cir. 2011).